Appeal of BOSTON STRUCTURAL          Docket No. 836.
          STEEL CO.

An assessment made prior to the date of approval of the Revenue Act of 1924, while an appeal was pending before the Commissioner, undetermined, is not such a determination as will deprive the Board of jurisdiction of an appeal based upon a letter of the Commissioner mailed after the enactment of said Act, disposing of the case on its merits.

Submitted January 27, 1925; decided February 17, 1925.

*Fred C. Fernald, Esq.*, for the taxpayer.

*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal came before the Board on the Commissioner's special plea in bar of the taxpayer's right to maintain the appeal. Evidence, both oral and documentary, was introduced at the hearing and, from that and the pleadings, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation with its principal place of business in the city of Cambridge, Mass. The taxpayer filed its petition on appeal with this Board on November 26, 1924, in which it alleges that a deficiency notice was mailed to the taxpayer

by the Commissioner on November 15, 1924, which deficiency involved income and profits taxes for the calendar years 1918. 1919. and 1920. From the face of the petition it appears that this Board has jurisdiction and that the taxpayer is entitled to a determination of the issues presented.

2. On September 26, 1923, the Commissioner addressed a letter to the taxpayer in which he proposed to assess an additional tax of $6,102.64; the same being the sum of $691.69 for the year 1918, $1,826.69 for the year 1919, and $3,584.26 for the year 1920. On October 24, 1923, and within 30 days from the date of above-mentioned letter, the taxpayer addressed a verified appeal to the Commissioner, in which it requested a conference and additional time in which to prepare statements to support the objections made to the additional assessment. The taxpayer asserted its right to file a consolidated return for itself and the Bay State Erecting Co. and also the right to special assessment.

3. On November 20, 1923, the Commissioner wrote to the taxpayer and acknowledged the receipt of the appeal only as a letter. In his letter, the Commissioner stated that, as no appeal had been filed, the tax had been listed for assessment and that the office had ruled that the taxpayer and the Bay State Erecting Co. "were not consolidated within the purview of the Income Tax Law for the years 1917 to 1920, inclusive." This letter entirely disregarded the taxpayer's plea for special relief.

4. On November 28, 1923, the taxpayer wrote the Commissioner protesting the listing of the tax for assessment, calling attention to the filing of its appeal of October 24, and requesting a conference. Following this letter, a representative of the taxpayer visited the Bureau of Internal Revenue and there had a conference which resulted, on or about December 21, 1923, in instructions being given to the collector at Boston to accept the taxpayer's claims in abatement and withhold collection of the tax. On December 21, 1923, the collector at Boston addressed a letter to the taxpayer in which he stated that he had received a telegram from the Commissioner in regard to the taxes in question and, further:

It is stated that your corporation *was not given an opportunity of appealing* these assessments of taxes as provided by section 250 (d) of the Revenue Act of 1921. Accordingly you are hereby informed that *it will be permissible for you to file claims for abatement.* * * * (Italics ours.)

Pursuant to this correspondence and action of the Commissioner the taxpayer filed claims for abatement and refund, upon the theory that it and the Bay State Erecting Co. were entitled to file consolidated returns.

5. The appeal to the Commissioner was placed before the Consolidated Returns Section of the Internal Revenue Bureau and, from that time forward, was conducted in the same manner as any other appeal from a so-called A-2 letter. The Income Tax Unit on March 21, 1924, denied the right of the taxpayer to file consolidated returns. Appeal from that ruling was taken to the Committee on Appeals and Review, which, on the dissolution of that committee, was heard in the office of the Solicitor of Internal Revenue.

6. On November 15, 1924, the Commissioner sent the following letter to the taxpayer:

IT : CA : 2113–10                                          NOVEMBER 15, 1924.
BOSTON STRUCTURAL STEEL CO.,
    *241 Albany Street, Cambridge, Mass.*

SIRS: Your claims for the abatement of $691.69 and $1,479.79, part of income and profits taxes for the years 1918 and 1919, respectively, and your claim for the abatement of $3,584.26 and for the refund of $2,702.18, part of income and profits taxes for the year 1920, have been examined.

Inasmuch as the action of the Income Tax Unit in denying affiliation under the provisions of section 240 of the Revenue Act of 1918 was upheld by the Solicitor of Internal Revenue in considering your appeal therefrom, your claims will be rejected in full.

The rejection of the above amounts will officially appear upon the next schedule to be approved by the Commissioner.

Respectfully,

J. G. BRIGHT,
*Deputy Commissioner.*
By _____
*Head of Division.*

7. On November 26, 1924, and within 60 days after receiving the letter of November 15, the taxpayer filed its petition on appeal with this Board.

### DECISION.

The Commissioner's special plea in bar of the taxpayer's right to maintain this appeal is denied. The appeal will be restored to the calendar for hearing on the merits of the issues set forth in the petition.

### OPINION.

GRAUPNER: Hearing on the merits of this appeal was suspended until the Board acted upon the Commissioner's plea in bar. The foregoing facts present a condition sufficiently similar to the facts set forth in the *Appeal of Ormsby McKnight Mitchel*, 1 B. T. A. 143, for us to determine the question here involved upon the authority and reasoning of the opinion in that appeal. We must therefore hold that this Board has jurisdiction to entertain the appeal.